IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ATIBA STEEL,

    **Plaintiff,**

v().                                                                       CIVIL ACTION NO.:

NEXT LEVEL HOSPITALITY
SERVICES, LLC,

    **Defendant**.

_____/

## COMPLAINT

Plaintiff, Atiba Steel, (hereinafter referred to as the "Plaintiff" or "Steel"), by and through her undersigned attorney, sues the defendant, Next Level Hospitality Services, LLC, (hereinafter referred to as the "Defendant" or "Next Level"), and alleges as follows:

### *JURISDICTION AND VENUE*

1. Plaintiff brings this is an action to remedy discrimination on the basis of race, age, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq., and* the Civil Rights Act of 1991, 42 U.S.C. § 1981.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

1

§2000e-5(f).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202130055) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100686) on June 28, 2021. On December 20, 2021, FCHR issued a Notice of Determination. Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the EEOC which was received on March 21, 2022.

## *PARTIES*

7. Plaintiff is an African American female and a citizen of the State of Florida and a resident of Escambia County who resides in Pensacola, Florida.

8. Defendant, Next Level, is a hospitality services company licensed to do and doing business in the State of Florida, Escambia County.

## FACTS

9. Plaintiff is an African American female.

10. Plaintiff was employed by Defendant at its West Gregory Street, Pensacola, Florida facility as a housekeeper from January 27, 2019 until her involuntary termination on October 5, 2020.

11. When Plaintiff was hired, her supervisor was Ismeal, and he did not discriminate or retaliate against anyone on the EVS team, nor did he allow them to discriminate against others.

12. There are even instances in which he terminated those who promoted racist behavior.

13. In June 2020, Defendant hired Rose Matthews (Caucasian) who became Plaintiff's supervisor.

14. After Ms. Matthews became the supervisor, things immediately changed.

15. Ms. Matthews would regularly refer to Plaintiff as "bitch", "mother fucker", and "nigger".

16. Ms. Matthews would harass Plaintiff and use vulgar and racially discriminatory language towards her during her shifts.

17. Plaintiff reported Ms. Mathews' discriminatory behavior and treatment to Defendant's upper management, Mr. Wilmer, but nothing was done to address Plaintiff's complaints.

18. Plaintiff reported that Ms. Mathews constantly called her a "nigger", but Mr. Wilmer just responded by saying you wasn't an angel yourself.

19. After having reported Ms. Mathews behavior to Mr. Wilmer, Ms. Matthews treatment of Plaintiff escalated to include threats of termination.

20. Ms. Matthews told Plaintiff that if she wanted her fired, she could make it happen because her and Louise were close, and Wilmer had her back.

21. Prior to Ms. Mathews being hired, Plaintiff performed the duties and responsibilities of her position in a satisfactory manner.

22. After Ms. Mathews was hired and Plaintiff reported her discriminatory behavior, Plaintiff was written up for not performing tasks as instructed.

23. Plaintiff was then asked to speak with the facility administrator about the write up.

24. After meeting with the facility administrator, Plaintiff reported the meeting and the administrator's interaction with her to Defendant's corporate human resources department.

25. After having reported the administrator's discriminatory mistreatment

to corporate, Plaintiff was accused by the administrator of not handling a duty properly and was suspended and thereafter terminated on October 5, 2020.

26. Plaintiff was subjected to disparate treatment and different terms and conditions of her employment and was held to a different standard because of her race and was retaliated against for opposing and reporting the unlawful discrimination she was being subjected to.

### FIRST CAUSE OF ACTION
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 26 of this complaint with the same force and effect as if set forth herein.

28. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

29. Plaintiff is an African American female.

30. Plaintiff was more than qualified for the position of housekeeper and performed the duties and responsibilities in a satisfactory manner.

31. Plaintiff's employment with Defendant was terminated on October 5, 2020.

32. Plaintiff was consistently subjected to racially derogatory treatment, comments and was treated less favorably than her Caucasian co-workers.

33. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *SECOND CAUSE OF ACTION*
*(RACE RETALIATION/HOSTILE WORK ENVIRONMENT- 42 U.S.C. § 1981)*

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 26 of this complaint with the same force and effect as if set forth herein.

35. Defendant has retaliated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

36. Plaintiff is an African American female.

37. Plaintiff was more than qualified for the position of Housekeeper and performed her duties and responsibilities in a satisfactory manner.

38. Plaintiff was being treated differently because of her race and her supervisors were overly critical of her work performance and she was treated less favorably than compared to that of her Caucasian co-workers.

39. Defendant's October 5, 2020 termination and disqualification of Plaintiff's employment was in retaliation for her objecting to Defendant's discriminatory practices regarding her race, a constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the Section 1981.

40. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
*(Race Discrimination-– Title VII)*

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 26 of this complaint with the same force and effect as if set forth herein.

42. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

43. Plaintiff is an African American female.

44. Plaintiff was more than qualified for the position of housekeeper and performed the duties and responsibilities in a satisfactory manner.

45. Plaintiff's employment with Defendant was terminated on October 5, 2020.

46. Plaintiff was consistently subjected to racially derogatory treatment, comments and was treated less favorably than her Caucasian co-workers.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
### *(RACE RETALIATION/HOSTILE WORK ENVIRONMENT - TITLE VII)*

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 26 of this complaint with the same force and effect as if set forth herein.

49. Defendant has retaliated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

50. Plaintiff is an African American female.

51. Plaintiff was more than qualified for the position of Housekeeper and performed her duties and responsibilities in a satisfactory manner.

52. Plaintiff was being treated differently because of her race and her supervisors were overly critical of her work performance and she was treated less favorably than compared to that of her Caucasian co-workers.

53. Defendant's October 5, 2020 termination and disqualification of Plaintiff's employment was in retaliation for her objecting to Defendant's discriminatory practices regarding her race, a constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the Title VII.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII and 42 U.S.C. § 1981;

b) Enjoining and permanently restraining those violations of Title VII and 42 U.S.C. § 1981;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff front pay in lieu of reinstatement;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h) Granting such other and further relief as the Court deems just and

proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                                                          Respectfully submitted,

Dated: 12 May, 2022.    By:    */s/ Clayton M. Connors*
                                                CLAYTON M. CONNORS
                                                Florida Bar No.: 0095553
                                                Email: cmc@westconlaw.com
                                                **THE LAW OFFICES OF**
                                                **CLAYTON M. CONNORS, PLLC.**
                                                4400 Bayou Blvd., Suite 32A
                                                Pensacola, Florida 32503
                                                Tel:  (850) 473-0401
                                                Fax: (850) 473-1388

                                                Attorney for the Plaintiff